### City of Chicago v. John A. Lynch.

G·n. No. 12,727.

1. JUDGMENT—*when dismissal of cause does not affect, previously entered.* Where a judgment has been rendered in a cause, and sold to a third person, and subsequently set aside as to the parties of record thereto but allowed to stand as security for the benefit of such third party, until such time as a trial could be had upon the merits, a dismissal of the cause without a trial upon the merits leaves the judgment in force as to such third party.

Bill for injunction. Error to the Circuit Court of Cook county; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed October 29, 1906.

WILLIAM H. SEXTON, for plaintiff in error; JAMES HAMILTON LEWIS, Corporation Counsel, of counsel.

City of Chicago v. Lynch.

S. W. SWABEY, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an appeal from a decree of a chancellor in the Circuit Court of Cook county perpetually enjoining the plaintiff in error and its agents and attorneys from doing any act which will affect the rights of the defendant in error as the assignee of a certain judgment against the city, and ordering the plaintiff in error on the other hand to pay to the defendant the amount of such judgment and interest.

Most of the material facts are found and recited in the decree. They are as follows: That on December 16, 1897, the city attorney of the city of Chicago agreed to a settlement for $2,500 of a certain suit brought by one Alice Hasager against the city and then pending in the Circuit Court of Cook county; that the attorney at law for the plaintiff Hasager and said city attorney, appeared on that day before a judge of the Circuit Court, waived a jury and agreed to submit the case to the court; that in pursuance of the agreement the court found the issues for the plaintiff and entered a judgment of $2,500 in her favor; that she then on the same day assigned the judgment to one Snelling; that the city attorney made on a certified copy of said judgment this indorsement:

"To THE PUBLIC:

Appeal and writ of error in the within case of Alice Hasager v. The City of Chicago are waived; judgment is final.

Chicago, December 16, 1897.

M. J. DEVINE,<br>City Attorney,<br>Attorney for Defendant;"

that the defendant in error, Lynch, then in the usual course of business purchased the judgment in good faith for a valuable consideration, and took an assign-

ment thereof from Snelling, and on December 17, 1897, filed the two assignments in the clerk's office of the Circuit Court; that on December 18, 1897, being within the term in which the judgment was entered, the corporation counsel of the city of Chicago appeared in court and entered a motion to set aside said judgment; that said motion was continued until December 31, 1897; that then Alice Hasager appeared by attorney also in court and assented to the entry of the following order, which was so entered of record on December 31, 1897:

"The judgment in this cause by the stipulation and agreement of both plaintiff and the defendant city shall be and the same is hereby opened, and it is agreed that there shall be a trial of said cause before the court on Friday, February 18, 1898, a jury being waived. John A. Lynch, assignee of the judgment in this cause, is not a party to said stipulation, and for his security the judgment is allowed to stand until such time as said trial upon the merits is had."

That thereafter on February 17, 1898, the original bill in this case was filed by John A. Lynch, setting up the state of affairs existing at that time, asserting the regularity and *bona fides* of the judgment and the complainant's right to the same, and asking that the defendants, the City of Chicago, Charles S. Thornton, corporation counsel thereof, Miles J. Devine, city attorney thereof, and Alice Hasager, be enjoined from setting aside or asking the Circuit Court to set aside said judgment, or asking or consenting to the entry of any order in the cause, or doing any act which would affect the validity of said judgment, and asking further that the said City of Chicago should be decreed to pay to the complainant Lynch the amount of the judgment.

An order was entered on said February 17, 1898, continuing a motion for a preliminary injunction to March 16, 1898, and it was stipulated between the parties that all proceedings in the case of Hasager v. The City of Chicago should be stayed until the said motion for an

injunction should be disposed of. The motion does not seem to have been called up at any time before final hearing of this cause.

The City of Chicago and Charles S. Thornton filed a joint answer to this bill on February 17, 1898, and Miles J. Devine a separate one on March 21, 1898. The answer of the city and Thornton asserted that the judgment in question was a fraud on the city, and its attorney, Devine, and that the application to set it aside was made by Thornton as corporation counsel, because he was the head of the law department of the city and charged with the control and supervision of all litigation and matters of law relating to the city.

The gist of the answer of Devine was contained in the following paragraph: "Thornton is not a legal officer of said city superior to this defendant * * * and if the only reason for vacating said judgment was want of authority in this defendant the rights of complainant ought not to be divested or impaired, but inasmuch as fraud is assigned as one of the reasons for vacating the said judgment, this defendant further submits that if said allegations of fraud shall be proven, and upon investigation thereof in the said suit of Alice Hasager the court shall find that the plaintiff therein had no cause of action, and that the said settlement eventuating in said judgment was induced and procured by fraud and imposition upon this defendant as attorney, as aforesaid, practiced by and on behalf of said Alice Hasager, the said judgment can and ought to be vacated on the said motion of the City of Chicago.

This defendant, however, again avers that said judgment was entered upon a *bona fide* cause of action against said City of Chicago, and that no fraud was practiced as alleged, and that the said settlement was greatly advantageous to the said City of Chicago."

March 9, 1899, the cause was referred to a master for his conclusions of law and fact. Nothing was ever done under this reference apparently, and the cause on the chancery side of the court and the law proceeding

entitled Hasager v. The City of Chicago, as it was left after the order of the Circuit Court of December 31, 1897, stood both undisposed of until February 13, 1900, when the law case or proceeding was dismissed by a judge of the Circuit Court on a call of his calendar, and on motion of the City of Chicago.

The effect of this dismissal is the principal and indeed the only question really involved or argued in this appeal, although an attempt was apparently made in the Circuit Court to turn this cause into a test proceeding to determine the relative rights, duties and powers of the corporation counsel and the city attorney of Chicago in 1897.

The order of dismissal itself is not in the record, but the following colloquy took place in relation to it on the trial of the present cause:

"Mr. Swabey (Solicitor for complainant): Mr. Sexton (Solicitor for the City) and myself will agree that the application or the proceedings in the Hasager case were dismissed on the 13th day of February, 1900.

Mr. Sexton: By Judge Tuley on the first call for want of prosecution and then entry of the judgment against plaintiff for costs of suit—is that right?

Mr. Swabey: Yes, that is right.

Mr. Sexton: That is agreed.

The Court: That final order was not made on a trial upon the merits.

Mr. Sexton: No, there never was a trial on the merits."

The city paid interest on the judgment at various times and up to June 1, 1901, but in October, 1901, on the advice of the assistant corporation counsel to the comptroller payment of interest was stopped.

May 21, 1903, the complainant filed a supplemental bill in this cause, in which he alleged that on February 13, 1900, on motion of said city, "the proceedings for the vacation of said judgment in the suit of Alice Hasager against the city were dismissed out of court," and that neither Thornton nor any of the other defend-

ants herein have done anything further "towards securing the vacation of said judgment or to secure a new trial of said case on its merits," and prayed, as in his original bill, for an injunction against the setting aside of the judgment and for a decree for its payment.

In its answer to this supplemental bill the City of Chicago "admits that on, to wit, the 13th day of February, 1900, said suit of Alice Hasager against the City of Chicago was dismissed out of court, and that the record in said cause shows that the same was so dismissed on motion of the defendant, the City of Chicago, on a first call had by Judge Tuley for want of prosecution and that said defendants have done nothing further toward securing a new trial of said cause, for the reason that on, to wit, said 13th day of February, 1900, said complainant did not appear in court and prosecute her said suit against the defendant, City of Chicago, nor did anyone appear on her behalf."

The difference between the parties as to the effect of this dismissal and as to the duties of complainant in the premises was expressed clearly by counsel for complainant in the hearing before the chancellor. "There is a difference," he said, "between the contention that Mr. Sexton makes and the contention that I make in regard to the effect of the dismissal of those proceedings to vacate that judgment. The city contends that it was Mr. Lynch's duty to secure a trial of the case and that he allowed it to be stricken from the calendar. We contend that if the city wanted to show the facts in the case and show that they had a valid defense, that it was their duty."

The chancellor found and recited in his decree in this cause, that "subsequent to the filing of the original bill and prior to the filing of the supplemental bill in this case, to wit, on the 13th day of February, 1900, on motion of the defendant, City of Chicago, said suit of Alice Hasager v. The City of Chicago was dismissed out of court, and that nothing has been done by any of

the defendants hereto towards securing the vacation of said judgment or towards securing a new trial of said case on its merits.''

We think it very clear that the position of the complainant and of the court below is correct as to the effect of this dismissal.

The complainant, Lynch, was not a party to the stipulation resulting in the order of December 31, 1897, although he was then record owner of the judgment, and for his security the order declared the judgment should stand until such time as there was a trial upon the merits. There never was ''a trial upon the merits'' after December 31, 1897, and the opportunity to have one was lost by the city when it allowed and indeed procured the proceedings at law as they then stood to be dismissed. The case did not stand, so far as complainant was concerned, as though the suit had never been tried and judgment obtained. It was for the city, having procured the ''opening'' of the judgment, to prove that it had a defense and that complainant could be affected by it and by the final order on it. So far as he was concerned, at least, the judgment was alive and in existence for all purposes save enforcement by execution, which was in effect stayed by the order. Complainant promptly brought the bill in this cause to have his title to the judgment vindicated and declared and his right to enforce it cleared. There was no more attempt on the part of the city by proof in this cause than in the proceedings at law to prove the fraud in the claim and in the settlement which it was claimed in the pleadings should invalidate the judgment even in the hands of complainant.

The decree of the chancellor in the Circuit Court was clearly right and is affirmed.

*Affirmed.*